**J. R. HITCHCOCK et ux., Appellants,**

v.

**SOJOURNER DRILLING CORPORATION et al., Appellees.**

**No. 3741.**

Court of Civil Appeals of Texas.

Eastland.

Sept. 7, 1962.

Rehearing Denied Sept. 28, 1962.

R. J. Balch, Seymour, for appellants.

Whitten, Harrell & Wilcox, Abilene, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Ratliff & Ratliff, Haskell, for appellees.

GRISSOM, Chief Justice.

On June 11, 1949, J. R. Hitchcock and wife executed an oil lease on 156.7 acres of land owned by them in Haskell County, including 24 acres which they had conveyed to John Covey in 1958. The lease was for a primary term of ten years with a provision that it should continue so long thereafter as oil was produced from said land. Thereafter, under a 40 acre spacing rule, a well was drilled and oil was produced in paying quantities on the 24 acre tract sold to Covey. The Hitchcocks sued Covey and wife, the oil and gas lessee and the operator of said well contending that they were entitled to $^{16}$/40ths of the $\frac{1}{8}$th royalty because they own 16 of the 40 acres in the spacing unit fixed by the Railroad Commission. The facts were undisputed. The court held that the Hitchcocks were not entitled to any part of the royalty from oil produced from the 24 acres sold to Covey and rendered judgment accordingly. The Hitchcocks have appealed.

As stated, appellants contend that they are entitled to $^{16}$/40ths of the $\frac{1}{8}$th royalty to be paid from the oil produced from a well

on Covey's 24 acres because the Railroad Commission in fixing the 40 acre spacing unit used 16 acres of their land and 24 acres of Covey's land. They say that a denial of that claim conflicts with Article 1, Section 19, of the Constitution of Texas, Vernon's Ann.St. which provides that no citizen shall be deprived of property or privileges except by due course of the law of the land. They further contend that such spacing arrangement constituted a forced pooling of their 16 acres with Covey's 24 acres and that, therefore, they should share with Covey in said proportion in the royalty from oil produced anywhere on the 40 acre spacing unit. They ask us to apply the dissenting opinion in Ryan Consolidated Petroleum Corp. v. Pickens, 155 Tex. 221, 285 S.W.2d 201, 210.

The judgment is in accord with the rule of law long approved by our Supreme Court. In Japhet v. McRae, (Tex.Com. App.), 276 S.W. 669, the owner of a 15 acre tract subject to an oil lease sold 5 acres to the plaintiff and 10 acres was retained by the defendant. Thereafter, a producing oil well was drilled on the 10 acre tract. The purchaser of the 5 acre tract claimed 5/15ths of the 1/8th royalty from oil produced solely from the 10 acres retained by the defendant. There Japhet took the same position that the Coveys take in this case. The Commission, in an opinion adopted by the Supreme Court, said:

> "Where the lessor of land for oil and gas, subsequently to the execution of the lease, but prior to the development of the land and the production of oil or gas under the lease, sells a portion or portions of the land to others, and oil and gas are thereafter produced under the lease from some portion of the leased premises, the royalties therefrom belong to the owner of the particular tract upon which the well is located, and the owner or owners of other portions of the leased premises have no interest therein."

In Garza v. De Montalvo, 147 Tex. 525, 217 S.W.2d 988, 993, it was held that where a portion of the leased premises is sold by the lessor that the royalties will not be apportioned on the basis of acreage "in the absence of an express contract to that effect, but the owner of each separate tract will be entitled to receive royalties only on oil and gas produced from his tract." See also McKinnon v. Lane, Tex.Civ.App., 285 S.W.2d 269, 272, (Ref.N.R.E.); 31-A Tex. Jur. 494. The regulations of the Railroad Commission in fixing spacing units cannot effect a change of property rights. Mueller v. Sutherland, Tex.Civ.App., 179 S.W.2d 801, (Ref.W.M.). Notwithstanding the hardships asserted by the Hitchcocks, the applicable law is established and supports the judgment. It is affirmed.